46 F.3d 1145
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gerold A. SEBULSKY, Plaintiff-Appellee,
v.
CITY OF RIVERSIDE, Defendant
and
Sonny Richardson, Chief of Police, for the City of
Riverside, California; E. Blevins, Police Officer,
for the City of Riverside, California,
Defendants-Appellants.
 No. 93-56542.
 United States Court of Appeals, Ninth Circuit.
 Argued: Aug. 3, 1994.
Submission Deferred: Aug. 3, 1994.
Resubmitted: Jan. 1, 1995.
Decided: Feb. 3, 1995.
 
 Before: O'SCANNLAIN, T.G. NELSON, Circuit Judges, and MERHIGE,* District Judge.
 MEMORANDUM**
 "[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); see also Mitchell v. Forsyth, 472 U.S. 511, 528 (1985) (officials are immune unless "the law clearly proscribed the actions" they took). "The decisive fact is not that [the official's] position turned out to be incorrect, but that the question was open at the time he acted." Mitchell, 472 U.S. at 535.
 At the time of Sebulsky's arrest, there was no clearly established law prohibiting the use of dogs in the manner permitted by the Riverside Police Department's canine policy. See Chew v. Gates, 27 F.3d 1432, 1447-49 (9th Cir. 1994), petition for cert. filed, 63 U.S.L.W. 3463 (U.S. November 28, 1994) (No. 94-980). It is clear under Chew that Chief Richardson is entitled to qualified immunity. See id. at 1446-50. In this case, as in Chew, "a reasonable law enforcement official might well have failed to recognize that authorizing or implementing the policy at issue would result in the violation of the constitutional rights of persons seized by the police dogs." Id. at 1447; see also id. at 1446 (evaluating the issue of qualified immunity under the assumption that the "departmental policy authorized the use against all concealed suspects of dogs trained to search for and apprehend persons by biting and seizing them"). The district court therefore erred in denying Richardson's motion for summary judgment.
 Merely pleading deliberate indifference on the part of Chief Richardson will not overcome the qualified immunity defense. See Hamilton v. Endell, 981 F.2d 1062, 1066 (9th Cir. 1992) ("A finding of deliberate indifference necessarily precludes a finding of qualified immunity ...." (emphasis added)); Wood v. Ostrander, 879 F.2d 583, 591 n.7 (9th Cir. 1989) ("Should the trier of fact find that [defendant's] treatment of [plaintiff] was deliberately indifferent, this alone might deprive [defendant] of his qualified immunity defense." (emphasis added)), cert. denied, 498 U.S. 938 (1990). To survive summary judgment on the failure to train and properly supervise/evaluate theory, Sebulsky must set forth specific facts as to Richardson's deliberate indifference. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988) (section 1983 claim based on alleged Eighth Amendment violation). Sebulsky's evidence does not meet this threshold.
 Sebulsky contends that Richardson was deliberately indifferent in failing to train officers regarding the constitutional limitations of the use of dogs to bite, and in his "irresponsible reliance" on a commercial dog handler to train officers who are dog handlers. However, Sebulsky has not specifically identified how the training was deficient, or come forward with sufficient evidence to demonstrate a need for more or different training to prevent constitutional violations by officers. See City of Canton v. Harris, 489 U.S. 378, 389-91 (1989) (discussing inadequate training theory of municipal liability). Sebulsky's arrest was not so outrageous an incident as to itself indicate a policy of indifference to or tolerance of constitutional violations. See id. at 390 n.10. Furthermore, Sebulsky has in no way distinguished his case from Chew, in which we concluded that the then Los Angeles Police Chief, Daryl Gates, was entitled to qualified immunity in his individual capacity, because at the time of Chew's arrest, "the Los Angeles Police Department's longstanding policy regarding the training and use of police dogs did not contravene clearly established law." Chew, 27 F.3d at 1448 (emphasis added); see also id. at 1449 (noting similarity between Los Angeles Police Department canine policy "to the policies employed in many police departments throughout the nation, none of which had been judicially questioned").
 Sebulsky also contends that Richardson was deliberately indifferent to the consequences of using dogs to attack people, and in failing to monitor bite ratios and the actual effectiveness of police dogs in the field. He contends that Richardson's lack of knowledge concerning the training and actual use of dogs by his police force evidences deliberate indifference. However, Sebulsky did not come forward with sufficient evidence to even establish this lack of knowledge, let alone demonstrate that it constituted deliberate indifference under the facts of this case. Sebulsky's summary judgment response did not demonstrate that Richardson was deliberately indifferent to the consequences of the use of dogs to attack suspects.[1] While the deposition testimony of Lieutenant Nessin indicated that the Riverside Police Department does not keep records on dog handlers' "bite rates" or generate a statistical report of "bite ratios," this does not raise a genuine issue of material fact concerning Richardson's deliberate indifference. In short, Sebulsky has not built an adequate circumstantial evidence case of deliberate indifference through action or inaction on the part of Richardson. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986) (once moving party meets summary judgment burden, opposing party must set forth specific facts showing that there is a genuine issue for trial).
 Officer Blevins is also entitled to qualified immunity. The law was not clearly established at the time of Sebulsky's arrest such that a reasonable officer in Blevins' position would have known that his actions in deploying a dog to search for, locate and bite a suspect intentionally evading arrest for over an hour by hiding under bushes violated a clearly established right. See Chew, 27 F.3d at 1447-49. Sebulsky has not alleged the type of circumstances involving use of a police dog that violate clearly established law. See id. at 1448-49 (citing Mendoza v. Block, 27 F.3d 1357, 1362 (9th Cir. 1994) (giving example of officer siccing dog on handcuffed arrestee)). The district court erred in denying Officer Blevin's motion for summary judgment.
 The order of the district court is vacated and remanded with an instruction to enter an order granting summary judgment in favor of Chief Richardson and Officer Blevins. No costs allowed.
 VACATED AND REMANDED.
 
 
 
 *
 Honorable Robert R. Merhige, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Sebulsky offered the deposition testimony of Lieutenant Watch Commander Gary Nessin, who testified that in cases involving dog bite injuries, there was "review [by] the chain of command, and they may have the policy review committee in some instances." Sebulsky did not offer any deposition testimony by Chief Richardson